JUDGE LEISURE

LENNON, MURPHY & LENNON, LLC
Attorneys for Plaintiff
CANTONE & CO., INC.
The GrayBar Building
420 Lexington Avenue, Suite 300
New York, NY 10170
(212) 490-6050 – phone
(212) 490-6070 – fax



**'07 CIV 6602**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CANTONE & CO., INC,.                         :     07 Civ. _____

              Plaintiff,          :     **ECF CASE**

   - against -                                     :     COMPLAINT

SEAFRIGO a/k//a SEAFRIGO MARESEILLE,   :

             Defendant.          :
------------------------------------------------------------X

      Plaintiff, CANTONE & CO., INC. (hereinafter "CANTONE" or "Plaintiff") by and through its attorneys, LENNON, MURPHY & LENNON, LLC, as and for its Verified Complaint against the Defendant, SEAFRIGO a/k/a SEAFRIGO MARSEILLE (hereinafter "SEAFRIGO" or "Defendant"), alleges, upon information and belief where indicated, as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

    2.    At all times material to this action, CANTONE was, and still is, a corporation duly organized under, and existing by virtue of, the laws of the State of Delaware and has a principal place of business in New York, New York.

3.      Upon information and belief, and at all times material to this action, SEAFRIGO was, and still is, a foreign company duly organized and operating under foreign law with a principal place of business in Le Havre, France.

4.      At all times material to this action, Defendant SEAFRIGO was and is now engaged as a freight forwarder and acted in the transaction at issue as a common carrier of cargo by water for hire.

5.      At all times material to this action, CANTONE was the cargo owner and receiver of 1500 packages of frozen ready-to-bake bakery products stowed within a freezer container.

6.      At all times material to this action, SEAGFRIGO was the Carrier of the above cargo pursuant to a freight forwarding agreement and bill of lading number E35039700000 dated September 22, 2006 issued by Seafrigo Marseille.

7.      Plaintiff's cargo was loaded in good order and condition on board the motor vessel "Stadt Wismar" (hereinafter "vessel") under the aforesaid bill of lading for carriage from Le Havre, France to Newark, NJ.

8.      The vessel arrived at Newark, NJ on or about October 3, 2006 and unloaded the Plaintiff's cargo.

9.      On discharge the Plaintiff's cargo was found to be damaged due to defrosting, thawing and re-freezing of the cargo which occurred during the voyage.

10.     The aforesaid damage to Plaintiff's cargo was caused due Defendant's breach of its obligations as Carrier under the contract of carriage pursuant to which it was obligated to deliver the cargo to Plaintiff in same good order and condition as when the cargo was loaded on the vessel.

11.  Defendant was negligent in its care and custody of the cargo in that, *inter alia*, it failed to ensure that the refrigerated container into which Plaintiff's cargo was loaded was in proper working order, it failed to ensure that the cargo was properly stowed and handled on the vessel, it failed to provide contracted for specialized accessorial services, and/or failed to ensure that the same was in proper working order and condition, including temperature controlled care of the cargo during all periods of custody and carriage, and in that it otherwise failed to properly arrange for the cargo to be safely carried aboard the vessel.

12.  In addition, Seafrigo breached its duty as bailee of the cargo.

13.  As a result of the Defendant's negligence and breach of contract as above described, Plaintiff has suffered damages in the principal sum of $50,000.00, exclusive of pre-judgment interest, incidental and/or consequential damages, reasonable attorney's fees and litigation costs.

14.  Despite due and repeated demand, Defendant has failed and/or refused to pay the sums due owing to Plaintiff.

### PRAYER FOR ISSUANCE OF MARITIME ATTACHMENT AND GARNISHMENT PURSUANT TO SUPPLEMENTAL ADMIRALTY RULE B

15.  The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

16.     The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendant held by any garnishee(s) within the District for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A.      That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against the Defendant, SEAFRIGO a/k/a SEAFRIGO MARSEILLE, in the principal amount of Fifty Thousand Dollars and No/100 (U.S. $50,000)., plus Plaintiff's incidental and/or consequential costs and damages, plus prejudgment interest at the rate of 9% per annum and post-judgment interest as may be allowed by the Court;

B.      That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of $60,000.00 belonging to, due or being transferred to, from, or for the benefit of the Defendant, including , but not limited to, such property as may be held, received or transferred in Defendant's name, or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishes to be

named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

    C.    That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

    D.    That this Court award Plaintiff the attorneys' fees and costs incurred in this action;

    E.    That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
       July 23, 2007

                                                  LENNON, MURPHY & LENNON, LLC

                                                  Kevin J. Lennon (KL 5072)
                                                  Attorney for Plaintiff

                                                  The GrayBar Building
                                                  420 Lexington Avenue, Suite 300
                                                  New York, NY 10170
                                                  (212) 490-6050 - phone
                                                  (212) 490-6070 - fax
                                                  Our ref.: 07-1040

## VERIFICATION

State of New York    )
                     )   ss.:   City of New York
County of New York   )

1. My name is Reto Cantone.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am the President of Cantone & Co., Inc, the Plaintiff herein.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The source of my knowledge and the grounds for my belief is my personal involvement in the subject transaction and the documents and information maintained within the files of Cantone & Co., Inc. on this matter.

6. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   New York, NY
         July 20, 2007

_____
Reto Cantone