UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                              07 CV 6602 (PKL)

---

CANTONE & CO., INC.,

                    Plaintiff,

      - against -

SEAFRIGO a/k/a SEAFRIGO MARSEILLE,

                    Defendant.

**DEFENDANT'S REPLY DECLARATION OF STEPHEN H. VENGROW**

---

       Stephen H. Vengrow declares that the following statement is true under the penalties of perjury::

       1.    I am a member of the law firm of Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, attorneys for defendant in the above captioned action. I am fully familiar with the facts and circumstances of this matter and I submit this declaration on personal knowledge in further support of plaintiff's motion to vacate, reduce or substitute plaintiff's attachment and/or to enforce a bill of lading forum clause.

       2.    In its opposing papers, plaintiff's bases its opposition to enforcement of the forum clause on the contention that defendant never sent it a copy of the bill of lading reverse side terms and conditions. *See, Pltff's Opp. Decl. of NODJOUMI, paras. 3 – 6; Pltff's Opp. Decl. of CANTONE, paras. 3 – 6.*

       3.    However, plaintiff's stated opposition is now at odds with the position its counsel took before the motion. During discussions between ourselves and in front of the Court, plaintiff's counsel argued that his client did have the bill of lading and that the reverse side terms and conditions required litigation in New York. Indeed, plaintiff explicitly sued on the bill of

lading in its complaint.  It was only after our motion was filed – and plaintiff learned that it had gotten a copy of the backside of the Hatsu bill of lading terms and conditions (and not defendant's) and had erroneously claimed that it was the backside of defendant's bill of lading.  There was never any dispute between the parties that plaintiff had received a copy of the front side of defendant's bill of lading.  *Pltff's Opp. Decl. of NODJOUMI, para. 3;  Pltff's Opp. Decl. of CANTONE, para. 4.*   Plaintiff has now tried to disavow the very bill it sued on.

      4.     Plaintiff also complains that it never received the front or backside of the Hatsu bill of lading.  *Pltff's Opp. Decl. of CANTONE, para. 3.*  Apparently, however, plaintiff's request for shipping documents from Hatsu was made to Hatsu, not to defendant.  *Pltff's Opp. Decl. of NODJOUMI, para. 6.*  Plaintiff does not explain why defendant should be responsible for another carrier's failure to respond to plaintiff's request or why defendant had any obligation to send it another carrier's documents.

      5.     As indicated in the accompanying reply memorandum of law, plaintiff cannot disclaim selected provisions of the contract it sues on which it deems unfavorable to itself, and defendant should not be penalized for plaintiff's mistaken reliance on the wrong bill of lading terms and conditions when the mistake was not that of defendant.

Dated:     New York, NY, June 25, 2007

                                    /s/     ____Stephen H. Vengrow_____
                                                 Stephen H. Vengrow [SV-3479]