```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/12/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CANTONE & Co., INC.,

              Plaintiff,

- against -

SEAFRIGO a/k/a SEAFRIGO
MARSEILLE,

              Defendant.

OPINION AND ORDER

07 Civ. 6602 (PKL)


APPEARANCES

LENNON, MURPHY & LENNON, LLC
The GrayBar Building
420 Lexington Avenue, Suite 300
New York, New York 10170
Kevin J. Lennon, Esq.
Anne C. LeVasseur, Esq.

Attorneys for Plaintiff


CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006
Stephen H. Vengrow, Esq.

Attorneys for Defendant

1

LEISURE, District Judge:

Plaintiff, Cantone & Co., Inc. ("Cantone") moves pursuant to Federal Rule of Civil Procedure ("Rule" or "FRCP") 15 for leave to file an amended complaint adding Preferred Freezer Services, Inc. ("Preferred") as a defendant and asserting claims against Preferred and defendant SeaFrigo a/k/a SeaFrigo Marseille ("SeaFrigo") for damages allegedly caused to a cargo of frozen baked goods during ocean transit. Cantone also moves pursuant to Rule 60 for relief from the January 26, 2009, Opinion and Order of this Court vacating maritime attachment and dismissing Cantone's complaint for lack of personal jurisdiction. For the reasons set forth below, Cantone's motion for leave to file an amended complaint within thirty days of this Opinion and Order is GRANTED.

## BACKGROUND

This maritime and admiralty action arises out of the shipment of 1,500 packages of frozen, ready-to-bake bakery products from France to Newark, New Jersey in September and October of 2006 on the vessel M/V Stadt Wismar. See Cantone & Co, Inc. v. SeaFrigo a/k/a SeaFrigo Marseille, No. 07 Civ. 6602, 2009 U.S. Dist. LEXIS 5620, at *2 (S.D.N.Y. Jan. 26, 2009). Cantone, a Delaware corporation doing business in New York, owned the frozen cargo, which was carried by SeaFrigo, a French

company, and ultimately was stored in commercial freezers located in Jersey City that belonged to Preferred, a New Jersey corporation. (Id.; Amended Compl. ¶¶ 4, 10.) SeaFrigo asserts that the frozen bakery products were damaged due to defrosting, thawing, and re-freezing during the voyage and during the time that the goods were stored in Preferred's commercial freezers. (Amended Compl. ¶ 12.)

On July 23, 2007, Cantone filed suit against SeaFrigo, seeking an ex parte order of maritime attachment and garnishment in an amount up to $60,000, which Judge George B. Daniels, sitting in Part B, issued that same day. Cantone subsequently attached $60,000 of SeaFrigo's assets. See Cantone, 2009 U.S. Dist. LEXIS 5620, at *2-3.

On August 24, 2007, SeaFrigo filed its answer, asserted several defenses, and asked this Court to vacate the attachment and dismiss the complaint. See id. at *3. SeaFrigo argued that vacatur was appropriate because SeaFrigo could be found in the convenient adjacent jurisdiction of the District of New Jersey. This Court agreed with SeaFrigo, and on Janurary 26, 2009, issued an Opinion and Order (the "January 26 Order") vacating the attachment and ordering that SeaFrigo's funds be released. See id. at *6, 17-20. Because this Court found that the vacated attachment was "the only basis for jurisdiction in

3

this Court," Cantone's complaint was dismissed without prejudice. Id. at *21.

Cantone now asks the Court for leave to file an amended complaint. Cantone's proposed amended complaint asserts claims against a new defendant-Preferred-but addresses the same underlying facts as the complaint that was dismissed by this Court's January 26 Order. Cantone provides two separate grounds for why it should be permitted to file its amended complaint. First, Cantone argues that neither SeaFrigo nor the newly added defendant Preferred will be prejudiced by the filing of the amended complaint, but that Cantone will be severely prejudiced if it is not permitted to file an amended complaint. (Pl.'s Mem. in Supp. of Mot. for Leave to Amend ("Pl.'s Mem.") 2-3.) In particular, Cantone claims that if leave to amend is denied, and Cantone "files a new action in this Court," SeaFrigo "will contend that [Cantone's] action is barred by the applicable statute of limitations since the damage to [Cantone's] cargo occurred in 2006." (Id. at 3.) Because of this potential for severe prejudice, it is Cantone's position that "justice requires that [Cantone] be granted leave to file" its amended complaint. (Id.)

Second, Cantone argues that this Court was mistaken insofar as the January 26 Order held that the maritime attachment was the only basis for personal jurisdiction over SeaFrigo. Cantone

4

contends that its original complaint "alleged a valid prima facie maritime claim . . . against [SeaFrigo] and that the carriage of [Cantone's] cargo, pursuant to [SeaFrigo's] bill of lading, to the Port of New York/New Jersey on behalf of a New York entity subjected [SeaFrigo] to the jurisdiction of this Court." (Id. at 2.) Cantone maintains that this Court overlooked this allegation of personal jurisdiction when, in the January 26 Order, Cantone's complaint was dismissed on the grounds that the vacated attachment was the only basis for this Court to assert personal jurisdiction over SeaFrigo. (Id.; Pl.'s Reply Mem. in Supp. of Mot. for Leave to Amend ("Pl.'s Rep. Mem.") 4-5.) Cantone argues that to the extent it is necessary to revisit the January 26 Order prior to granting Cantone leave to amend its complaint, the concluding language of the Order should be corrected, pursuant to Rule 60(a), to reflect Cantone's allegation of an independent basis for personal jurisdiction over SeaFrigo. (Pl.'s Rep. Mem. 4-6 (requesting that "the Court correct the Judgment to reflect that [Cantone] is permitted to seek leave to file an [a]mended [c]omplaint.").)

SeaFrigo does not contest Cantone's assertion that Cantone will be prejudiced if the motion for leave to replead is denied. Rather, SeaFrigo argues that a motion to amend the complaint only can be granted if the January 26 Order is vacated or

5

corrected pursuant to Rule 59 or 60, and that a motion under either Rule is untimely. SeaFrigo further argues that, even if Cantone's motion were timely, the allegations of personal jurisdiction contained in the initial and amended complaints are baseless, and that the initial complaint was not served on SeaFrigo within the requirements set forth by Rule 4(m). (Def.'s Mem. in Opp. to Mot. for Leave to Amend ("Def.'s Mem.") 1-5.)

## DISCUSSION

I. Relief From the January 26 Order

   A. Standard for Relief

Where, as here, a party seeks to file an amended complaint after final judgment has been entered in the case, the party must first seek relief from the underlying judgment. Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008); Jain v. Sec. Indus. & Fin. Mkts. Ass'n, No. 08 Civ. 6463, 2009 U.S. Dist. LEXIS 108312, at *7 (S.D.N.Y. Nov. 18, 2009). The three types of motions by which a Court may amend a judgment, as opposed to set aside the judgment, are: "(1) a motion to 'alter or amend a judgment' under Fed. R. Civ. P. 59(e); (2) a motion to correct 'clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission' under Fed. R. Civ. P. 60(a); and (3) a motion for relief from

6

the judgment under Fed. R. Civ. P. 60(b)." Hodge v. Hodge, 269 F.3d 155, 158 (2d Cir. 2001). Cantone asks that the Janurary 26 Order be altered, pursuant to Rule 60(a), to reflect accurately the allegations of personal jurisdiction contained in the complaint. (Pl.'s Mem. 2, Pl.'s Rep. Mem. 4.)

Rule 60(a) permits a court to "correct a clerical mistake or a mistake arising from oversight or omission." Rule 60(a) "is available only to correct a judgment 'for the purpose of reflecting accurately a decision that the court actually made.'" Hodge, 269 F.3d at 158 (quoting Truskoski v. ESPN, Inc., 60 F.3d 74, 77 (2d Cir. 1995)); see also Harrison v. N.Y. City Admin. for Children's Servs., No. 02 Civ. 947, 2005 U.S. Dist. LEXIS 17761, at *2 (S.D.N.Y. Aug. 23, 2005). Cantone's request to modify the substantive holding of the Janurary 26 Order, rather than to correct a clerical mistake, falls beyond the scope of Rule 60(a). Cantone's request is more properly considered as a request to alter or amend the judgment pursuant to Rule 59(e).

A motion brought pursuant to Rule 59(e) to alter or amend a judgment "may not treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." Seinfeld v. Worldcom, Inc., No. 06 Civ. 13274, 2007 U.S. Dist. LEXIS 39164, at *3-4 (S.D.N.Y. May 31, 2007) (quoting Questrom v. Federated Dep't

7

Stores, Inc., 192 F.R.D. 128, 131 (S.D.N.Y. 2000)). Rather, the moving party must "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Henderson v. Metro. Bank & Trust Co., 502 F. Supp. 2d 372, 376 (S.D.N.Y. 2007) (citation omitted); see also Segatt v. GSI Holding Corp., No. 07 Civ. 11413, 2008 U.S. Dist. LEXIS 93207, at *8 (S.D.N.Y. Nov. 3, 2008) ("While Rule 59(e) . . . does not prescribe specific grounds for granting a motion to alter or amend a judgment, the movant must [either] present factual matters or controlling decisions the court overlooked that might materially have influenced its earlier decision . . . [or] demonstrate the need to correct a clear error or prevent manifest injustice.") (citation omitted). "The controlling decisions or factual matters presented by a litigant for reconsideration must have been put before the court in the underlying motion." Quanta Specialty Lines Ins. Co. v. Investors Capital Corp., No. 06 Civ. 4624, 2009 U.S. Dist. LEXIS 118837, at *6 (S.D.N.Y. June 24, 2009) (Leisure, J.). Further, the Second Circuit has noted, in dicta, that "in view of the provision in rule 15(a) that leave [to amend] shall be freely given when justice so requires, it might be appropriate in a proper case to take into account the nature of the proposed amendment in deciding whether to vacate the previously entered

8

judgment." Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf, 930 F.2d 240, 245 (2d Cir. 1991) (citation omitted); Segatt, 2008 U.S. Dist. LEXIS 93207, at *9.

### B. Motion for Reconsideration Standards as Applied to Cantone's Arguments

As a threshold matter, Cantone's motion is timely. When Cantone's motion was filed, Rule 59(e) "permit[ed] a party to move for reconsideration of an order resulting in a judgment within ten days of entry of the judgment." Quanta Specialty Lines, 2009 U.S. Dist. LEXIS 118837, at *4.[1] Under the prior Rule 6(a), which was used for the computation of periods of time eleven days or less, this ten day period did not include the date of entry of the judgment, weekend days, or legal holidays. Fed. R. Civ. Proc. 6(a) (effective until November 30, 2009). Cantone filed its motion two days before the expiration of the ten day period provided by the former Rule 6(a), well within the bounds for timeliness. (See Pl.'s Rep. Mem. 3.)

Cantone has presented facts that were overlooked in this Court's January 26 Order and which alter the conclusion reached by this Court. Specifically, in its briefing submitted in opposition to the motion to vacate the maritime attachment,

---

[1] As of December 1, 2009, a motion brought under Rule 59(e) must be filed within twenty eight days of the entry of the underlying judgment. Fed. R. Civ. P. 59(e).

9

Cantone argued that the initial complaint included a maritime claim against SeaFrigo and that SeaFrigo "is subject to personal jurisdiction in New York notwithstanding the Rule B attachment." (Pl.'s Mem. in Opp. to Mot. to Vacate Maritime Att. 16.)  This Court's January 26 Order did not address the argument that SeaFrigo was subject to personal jurisdiction independent of the maritime attachment, making it premature for this Court to conclude that "the attachment is the only basis for jurisdiction in this Court" and that the attachment's "vacatur requires dismissal of Cantone's complaint." Cantone, 2009 U.S. Dist. LEXIS 5620, at *21.  Cantone, therefore, is relieved from the judgment of this Court's January 26 Order insofar as it concerns the dismissal of the underlying complaint for lack of personal jurisdiction and, consistent with the remainder of this Opinion and Order, Cantone is granted leave to file an amended complaint.  The remainder of the January 26 Order, including the portion of the Order that vacated the maritime attachment, is not affected by this ruling.[2]

Cantone has demonstrated that relief from the underlying judgment is warranted pursuant to Rule 59(e).  Because SeaFrigo

---

[2] Cantone's proposed amended complaint contains additional factual allegations that address why this Court has personal jurisdiction over SeaFrigo.  The nature of the proposed amended complaint therefore provides further support for this Court's decision to grant relief pursuant to Rule 59(e).  See Segatt, 2008 U.S. Dist. LEXIS 93207, at *9.

argues that leave to amend would be futile, the Court now addresses this specific objection.

## II.  Leave to Amend Under Rule 15(a)

SeaFrigo argues that leave to amend should be denied because the allegations in Cantone's amended complaint that SeaFrigo is subject to personal jurisdiction in New York are legally insufficient.  (Def.'s Mem. 4.)  In particular, SeaFrigo argues that it is not subject to personal jurisdiction because the Port of New York/New Jersey is not entirely in New York, and the cargo at issue in this case actually was delivered to New Jersey, not New York.  (Id. 4.)  Cantone responds that "whether or not [SeaFrigo] is subject to the Court's personal jurisdiction is irrelevant for the purpose of evaluating whether [Cantone's] motion should be granted" and, even if relevant, SeaFrigo has addressed only a portion of the numerous bases upon which Cantone claims SeaFrigo is subject to personal jurisdiction in this District.  (Pl.'s Rep. Mem. 2-3.)

"In determining whether leave to amend should be granted, the district court has discretion to consider, inter alia, the apparent futility of amendment."  Grace v. Rosenstock, 228 F.3d 40, 53 (2d Cir. 2000) (Kearse, J.) (noting that "[a]mendment would likely be futile if, for example, the claims the plaintiff sought to add would be barred by the applicable statute of

limitations"); Hayden v. County of Nassau, 180 F.3d 42, 53 (2d Cir. 1999) (stating that if "the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied"); Transfield ER Cape Ltd. v. B&L Transoil (Holdings) Ltd., No. 08 Civ. 11385, 2009 U.S. Dist. LEXIS 53893, at *15 (S.D.N.Y. June 24, 2009) (Leisure, J.) (denying motion to amend a complaint in a maritime action where amendment would have been futile). SeaFrigo has not shown that permitting Cantone to file its amended complaint would be futile. SeaFrigo's arguments that the bill of lading and the delivery of goods to the port of New York/New Jersey do not establish personal jurisdiction over SeaFrigo touch upon factual determinations that should not, at this point, be decided against Cantone. See Guideone Specialty Mut. Ins. Co. v. Yeshiva Shearith Hapletah, No. 05 Civ. 1401, 2006 U.S. Dist. LEXIS 33003, at *3 (E.D.N.Y. May 24, 2006); Rodriguez v. Biltoria Realty, LLC, 250 F. Supp. 2d 122, 126 (E.D.N.Y. 2003). Furthermore, SeaFrigo does not address Cantone's allegation that SeaFrigo is subject to personal jurisdiction due to its "business activities in and with the State of New York." (Am. Compl. ¶ 5.) Cantone's allegations may be tested at a later date, but it cannot be said that permitting an amended complaint to be filed would be a futile exercise.

Next, the Court addresses SeaFrigo's argument that it was not served properly under Rule 4(m).

### III. Service Pursuant to Rule 4(m)

SeaFrigo contends that leave to replead should be denied because Cantone did not serve SeaFrigo with the initial complaint within the 120 day time period provided by Rule 4(m). (Def.'s Mem 2-4.) Cantone offers no response to this argument.

"Under Rule 4(m), the Court must extend the time to serve [the defendant] if plaintiff has shown good cause, and may extend the time to serve even in the absence of good cause." DeLuca v. AccessIT Group, Inc., No. 08 Civ. 1699, 2010 U.S. Dist. LEXIS 11084, at *28 (S.D.N.Y. Feb. 9, 2010) (Leisure, J.). "In determining whether a discretionary extension is appropriate in the absence of good cause, a court considers the following four factors: (1) whether any applicable statutes of limitations would bar the action once refiled; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether defendant attempted to conceal the defect in service; and (4) whether defendant would be prejudiced by extending plaintiff's time for service." Id. at *39 (citing Hertzner v. U.S. Postal Serv., No. 05 Civ. 2371, 2007 U.S. Dist. LEXIS 19691, at *20-21 (E.D.N.Y. Mar. 20, 2007); Reese v. Univ. of Rochester, No. 04 Civ. 6117T(FE), 2005 U.S. Dist. LEXIS 44844,

13

at *4 (W.D.N.Y. June 20, 2005); Sleigh v. Charlex, Inc., No. 03 Civ. 1369, 2004 U.S. Dist. LEXIS 19118, at *17 (S.D.N.Y. Sept. 14, 2004)).

Putting aside whether a response to a motion to file an amended complaint is the appropriate mechanism for SeaFrigo to raise a Rule 4(m) objection, a discretionary extension of time to serve a summons and complaint on SeaFrigo is warranted in this case. The parties do not dispute that the applicable statute of limitations would bar this action from being refiled; it is clear, based on the prior motion practice in this case, that SeaFrigo had actual notice of the claims in the complaint; and SeaFrigo has not demonstrated how it would be prejudiced by extending Cantone's time for service. The Court, therefore, grants Cantone thirty days leave to file and serve the amended complaint consistent with the Federal Rules of Civil Procedure and this Opinion and Order.

## CONCLUSION

For the reasons set forth above, Cantone's motion for leave to file an amended complaint is GRANTED. Cantone shall file and serve an amended complaint within thirty days of the entry of this Opinion and Order. The parties are directed to appear in Courtroom 18B on June 10, 2010, at 11:00 a.m. for a pre-trial conference. The Clerk is directed to re-open the case.

SO ORDERED.

New York, New York

April /2, 2010

                                                                    U.S.D.J.